UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BENJAMIN G.,

    Plaintiff,

v.

KILOLO KIJAKAZI,
ACTING COMMISSIONER OF SOCIAL
SECURITY,[1]

    Defendant.

No. 19 CV 04558

Magistrate Judge McShain

**MEMORANDUM OPINION AND ORDER**

    This is a Social Security case in which the Court granted Plaintiff's motion for summary judgment, reversed the decision of the Social Security Administration (SSA) denying his application for benefits, and remanded the case for further proceedings. [33];[2] *Benjamin G. v. Kijakazi*, 19 CV 04558, 2022 WL 2208865 (N.D. Ill. June 21, 2022). The Court held that the administrative law judge (ALJ) committed a reversable error in his residual functional capacity (RFC) determination, because his finding that Plaintiff could perform "simple repetitive tasks, but no fast-paced tasks, and he can adapt to routine changes in the work environment," failed to accommodate Plaintiff's non-exertional limitations, specifically his moderate limitations in

---

[1] In accordance with Fed. R. Civ. P. 25(d), Kilolo Kijakazi, the Acting Commissioner of Social Security, was substituted as the defendant in this case in place of the former Commissioner of Social Security, Andrew Saul.

[2] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. However, citations to the administrative record [9-1] refer to the page number in the bottom right corner of each page.

concentration, persistence, or pace ("CPP"). *Benjamin G.*, 2022 WL 2208865, at *2. The Court noted that it is well-established in the Seventh Circuit that "catch-all terms" like "simple-repetitive tasks" and "no fast paced production" are generally not sufficient to account for moderate CPP limitations in an RFC. *Id.* at *3 (citations omitted). The Court further rejected the Commissioner's argument that the ALJ's RFC determination was otherwise supported by substantial evidence. *Id* at *6-7.

The Court recognized there are certain exceptions to the general rule that RFC limitations to "simple repetitive tasks" and "no fast-paced tasks" do not adequately account for moderate CPP limitations, for example, when the ALJ relies on the opinion of a medical expert, or where the evidence supports a finding that the RFC adequately accounts for the claimant's CPP limitations. *Id.* at *6. However, the Court found that those exceptions did not apply in this case, and that ultimately the ALJ's opinion was "so devoid of explanation and reasoning as to the basis of [the] RFC finding" that it was impossible for the Court to trace the "logical bridge" from the evidence to the ALJ's conclusion, meaning that the decision could not stand. *Benjamin G.*, 2022 WL 2208865, at *6-7.

Now pending before the Court is the Commissioner's Rule 59(e) motion to alter or amend judgment, [35], and Plaintiff's opposition. [37].[3] For the following reasons, the Commissioner's motion is denied.

---

[3] The Court set a August 9, 2022 deadline for the Commissioner to file a reply brief, [36], but no reply was ever filed, nor any request for additional time.

**Legal Standard**

A Rule 59(e) motion can be granted only where the movant clearly establishes: "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Barrington Music Prods., Inc. v. Music & Arts Center*, 924 F.3d 966, 968 (7th Cir. 2019) (internal quotation marks omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party;" instead, it "is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted). Further, Rule 59(e) "does not permit a party to advance arguments or theories that could and should have been made before the district court rendered a judgment," nor is it "a vehicle for recycling arguments that the Court has previously rejected." *Keiber v. Astrue*, No. 08 CV 2616, 2010 WL 3001958, at *1 (N.D. Ill. July 29, 2010) (internal citations and quotations omitted).

**Discussion**

The Commissioner raises a number of arguments as to why the Court should alter its ruling: Each is without merit.

> **A. The Court did not Misapply or Fail to Recognize Controlling Precedent Related to Whether the RFC Adequately Accommodated Plaintiff's Moderate CPP Limitations.**

The Commissioner's primary argument in support of her motion is that the Court misapplied controlling precedent from the Seventh Circuit regarding whether RFC limitations to "simple-repetitive tasks" or "no fast paced production" like the ones the ALJ found here are sufficient to account for moderate limitations in CPP.

3

[35] 3-6. The Commissioner contends that the Seventh Circuit has released "many clarifying cases" on moderate CPP limitations "since the holdings cited by the Court," and that those subsequent cases make clear that "even generic limitations to simple and repetitive tasks" like the ones the ALJ found here may be sufficient to account for CPP limitations, and that indeed the Seventh Circuit has repeatedly affirmed ALJ decisions in cases with similar RFC restrictions as the ones the ALJ found here. [*Id.*] 3-4; *see, e.g., Urbanek v. Saul*, 796 F. App'x 910, 914 (7th Cir. 2019) ("Even generic limitations, such as limiting a claimant to simple, repetitive tasks, may properly account for moderate limitations in concentration, persistence, and pace, so long as they 'adequately account for the claimant's demonstrated psychological symptoms' found in the record.") (citing *Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019)); *Weber v. Kijakazi*, 2021 WL 3671235, at *5 (7th Cir. 2021) ("And there is no categorical rule that an ALJ may never accommodate 'moderate' limitations in concentration, persistence, and pace with only a restriction to simple tasks."). The Commissioner thus argues that, based on Seventh Circuit precedent, the Court was wrong to conclude that the ALJ's RFC determination used insufficient "catch-all" terms and failed to account for his moderate CPP limitation. [35]. Rather, the Commissioner contends that ALJ's RFC limiting plaintiff to "simple repetitive tasks" and "no fast-paced tasks" used language that has been upheld by the Seventh Circuit and which properly accounted for Plaintiff's CPP limitations.

As a threshold matter the Court must note that the Commissioner's attempt to bombard the Court with a myriad of additional authority that she could have cited

4

to prior to this Court's decision is not a proper use of a Rule 59(e) motion. The Commissioner's brief contains several bulky footnotes and lengthy paragraphs of string citations to authority that the Commissioner did not raise in her original response brief, despite the fact that a significant portion of those decisions were issued in 2019 and earlier, well in advance of when the Commissioner filed her response in February 2020. [23].[4] As noted above, Rule 59(e) "does not permit a party to advance arguments or theories that could and should have been made before the district court rendered a judgment," thus it is improper for the Commissioner to use the current motion to attempt to supply additional authority she could have relied on in her original response. *See generally Keiber*, 2010 WL 3001958, at \*1 (internal citations and quotations omitted).[5] Further, insofar as the Commissioner seeks to introduce authority that was decided after the response brief was filed from later in 2020 or 2021, those decisions were still issued well in advance of when the Court issued its ruling in June 2022. Therefore, if the Commissioner felt these cases were important to or dispositive of Plaintiff's arguments, it would have been proper for the Commissioner to file a motion for leave to submit supplemental authority, which the

---

[4] *See, e.g.,* [35] 2-4 (citing, e.g., *Urbanek*, 796 F. App'x at 914 (issued in 2019) *Jozefyk*, 923 F.3d at 498 (issued in 2019); *Dudley v. Berryhill*, 773 F.App'x 838, 843 (7th Cir. 2019); *Saunders v. Saul*, 777 F.App'x 821, 825 (7th Cir. 2019); *Pytlewski v. Saul*, 791 F.App'x 611, 616 (7th Cir. 2019)).

[5] The Court acknowledges that, as it commented in its opinion, Plaintiff's briefing on the issue of his mental RFC was somewhat vague and undeveloped. However, while Plaintiff's argument was somewhat cursory, it was still apparent that he was raising an argument challenging the sufficiency of the RFC to account for his non-exertional limitations, including specifically his moderate CPP limitations. Thus, the Commissioner--who should be very familiar with responding to such arguments given how often claimant's raise them--had the opportunity to cite to the authority and develop the arguments she seeks to advance now. But she failed to do so.

Commissioner failed to do. *See Cary v. Saul*, No. 18-3112, 2020 WL 3605024, at *2 (C.D. Ill. July 2, 2020) ("The Commissioner could have sought leave to . . . file a notice of supplemental authority if it believed that a Seventh Circuit case decided after the Commissioner's summary judgment motion controlled the outcome of this case. Because the evidence could have previously been presented, the Court concludes that this is not an "extraordinary case" wherein relief under Rule 59(e) is warranted.").

There is another threshold and fundamental problem with the string of authority relied on by the Commissioner: not only was some of it issued *prior* to cases cited by this Court, but critically, none of the Commissioner's caselaw has expressly overruled any of the cases relied upon by the Court in its ruling. The Commissioner asserts in its motion that that the Court "relied heavily on the following cases: *Spychalski v. Saul*, No. 20 C 399, 2021 WL 1040511 (W.D. Wisc. Mar. 18, 2021); *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010); *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019); *Mischler v. Berryhill*, 766 F.App'x 369, 375 (7th Cir. 2019)." [35] 3. While the Court cited other authority as well, what is notable is that, despite the Commissioner's framing of her own case authority as coming out "since" these decisions relied on by the Court, many of the cases relied on by the Commissioner *pre-date* the cases cited by the Court. For example, the <u>*Spychalski*</u> decision was issued in 2021, subsequent to a significant number of the cases cited to by the Commissioner from 2019 and 2020. Further, it is worth observing that the *Jozefyk* case on which the Commissioner heavily relies in its briefing was specifically cited in the Court's order, and the case was issued prior to the *Crump* case also cited

6

by the Court. *See Benjamin G.*, 2022 WL 2208865, at *3-4, 6. And while <u>Spychalski</u>, is a district court case, it has not been overruled, and the Court was permitted to find it persuasive authority. Nor have any of the other cases the Commissioner argues the Court "relied heavily on" been overruled. Indeed, the Commissioner herself cites to language from *Crump* to argue that decision actually supports the ALJ's finding. This is all to say that what the Commissioner has done by identifying a string of authority not cited by the Court does not demonstrate a "manifest error of law." The Court obviously found the cases it cited persuasive and rested its decision on controlling Seventh Circuit precedent that the Commissioner has not shown has been overruled. Thus it strikes the Court that the Commissioner's true complaint is not that the Court ignored controlling caselaw, but that the Court applied other controlling caselaw she wishes it had not. But until the Seventh Circuit overturns the cases relied on by the Court, the fact that the Commissioner has belatedly identified other cases she argues should have been applied, some of which were noted by the Court, is not a basis for overturning the Court's ruling. *See, e.g., Franks v. Saul,* No. 19-CV-1299, 2020 WL 8571774, at *1 (E.D. Wis. Nov. 30, 2020) ("Unless and until the Seventh Circuit overturns these decisions, failure to consider subsequent unpublished Seventh Circuit cases does not constitute a manifest error of law.")

    In any event, the Court also notes that, even assuming the Commissioner's argument and string of case cites are properly presented at this juncture, the Commissioner has nonetheless failed to show relief is warranted under Rule 59(e). The fundamental issue with the Commissioner's suggestion that the Court

disregarded subsequent controlling precedent is that it ignores the plain fact that the Court expressly acknowledged in its opinion that RFC determinations that use generic terms like those employed here may be sufficient in some circumstances. *See* [33] 13; *Benjamin G.*, 2022 WL 2208865, at *6. The Court stated that, although RFC limitations to "simple repetitive tasks" and "no fast-paced tasks" are generally insufficient to account for moderate CPP limitations, there are certain "exceptions" where they would be sufficient, including when they "adequately account for the claimant's demonstrated psychological symptoms." *Benjamin G.*, 2022 WL 2208865, at *6 (citing *Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019)); *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010) ("We also have let stand an ALJ's hypothetical omitting the terms 'concentration, persistence and pace' when it was manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform."). While the Court may not have cited to some of the decisions pointed to by the Commissioner of more recent vintage, those cases merely reinforce the same principal recognized by the Court that such RFCs might sometimes be sufficient to account for a moderate CPP limitation depending on the particular circumstances of the case. *See, e.g., Urbanek*, 796 F. App'x at 914 ("Even generic limitations, such as limiting a claimant to simple, repetitive tasks, may properly account for moderate limitations in concentration, persistence, and pace, so long as they 'adequately account for the claimant's demonstrated psychological symptoms' found in the record.").

8

Thus, far from ignoring or misapplying "significant" controlling precedent, the Court acknowledged the rule that RFCs limiting claimants to simple repetitive tasks and no fast-paced tasks may be appropriate under some circumstances if there is evidence that they "adequately account for the Plaintiff's mental limitations." *Benjamin G.*, 2022 WL 2208865, at *6. As to whether that was the case with Plaintiff here, the Court explained why it was not. The Court noted that the ALJ found Plaintiff had moderate CPP limitations, and found that he had the RFC to perform "simple repetitive tasks" and "no fast paced tasks," but that the ALJ did not address those RFC limitations or the basis for them in any further detail. Instead, the ALJ simply stated in conclusory fashion that Plaintiff's "mental limitations are supported by the findings on examination and the claimant's statements about his symptoms." *Benjamin G.*, 2022 WL 2208865, at *6. But, as the Court explained, this was not a sufficient explanation to demonstrate that the RFC was supported by substantial evidence and "adequately accounted" for Plaintiff's CPP limitations. *See id.*[6] The Court thus concluded that, while it was "possible" the RFC did in fact adequately accommodate Plaintiff's moderate CPP limitation, which seemed doubtful given the Seventh Circuit's repeated criticism of those generic terms, the ALJ's opinion here was so "devoid of explanation and reasoning as to the basis of this RFC finding that

---

[6] For example, the ALJ afforded the opinion of Dr. Heinrichs, the provider who conducted the mental examination the ALJ cited, "little weight" in light of Plaintiff's "worsening psychological symptoms." *Id.* The Court noted that it made "little logical sense" for the ALJ to largely discredit Dr. Heinrich's opinion because of Plaintiff's worsening symptoms, but then cite to it for support for the RFC. *Id.* Further, the Court noted that the ALJ did not identify what specific testimony or statements by the Plaintiff the ALJ was relying on, let alone explain why those statements supported the RFC. *Id.*

9

it is impossible for the Court to trace the 'logical bridge' from the evidence the ALJ purports to rely on to his conclusion." *Id.* at *7 (citing *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008) ("When an ALJ recommends that the agency deny benefits, it must first 'build an accurate and logical bridge from the evidence to the conclusion.'"). In other words, the Court could not conduct meaningful appellate review and determine whether the ALJ's RFC determination was supported by substantial evidence and accommodated Plaintiff's CPP limitations, which was grounds for remand.

It is particularly notable that the Commissioner's Rule 59(e) motion makes absolutely no mention of this portion of the Court's opinion and its findings regarding how the ALJ's opinion was "devoid" of reasoning. Instead, the Commissioner goes to great lengths to generally argue that RFCs need not use any particular "magic words," and that RFCs, like the one here, have been repeatedly upheld on many occasions. [35] 2-5. But this does not suggest that the Court committed a manifest error of law in finding that the ALJ's specific determination in this case was not sufficient and not supported by substantial evidence. While subsequent Seventh Circuit cases have upheld similar RFCs under certain circumstances, *i.e.*, where they are supported by substantial evidence and the ALJ properly explained their reasoning, those cases have not expressly overruled any of the prior precedent relied on by the Court that was heavily critical of such RFCs and which suggested they are generally insufficient. *See, e.g. Benjamin G.*, 2022 WL 2208865, at *3.

10

At most, in light of the more recent caselaw cited by the Commissioner, it was an over-simplification by the Court to describe the "general rule" as one where RFCs limiting claimant's to "simple repetitive work" and "no fast-paced tasks" are insufficient, and the circumstances where such RFCs are adequate as the "exception." Instead, it may have been more appropriate to simply say that, while the Seventh Circuit has been very critical of RFCs employing such generic catch-all terms, they are not *per se* or generally invalid, and they may be sufficient to account for CPP limitations depending on the particular circumstances of the case. But the Court's slightly-imprecise framing of the standard does not constitute a "manifest" error of law or demonstrate that the Court ignored controlling precedent. The Court did as it was required by applying controlling precedent and analyzing whether the ALJ's RFC was supported by substantial evidence and accounted for all of Plaintiff's impairments and limitations arising from them, including his CPP limitations, which the Court found it did not.

Insofar as the Commissioner uses its motion to argue the opposite, that the RFC did adequately account for Plaintiff's moderate CPP limitations based on the evidence in the record, this is not a proper argument for a Rule 59(e) motion. The Court found that it did not, and the Commissioner's disagreement with that finding and desire to make more explicit arguments at this procedural juncture are no basis to alter the judgment. *Oto*, 224 F.3d at 606.

### B. The Commissioner's Argument that Plaintiff Did Not Meet his Burden to Identify Additional CCP limitations is Not a Basis for Altering the Court's Judgement.

The Commissioner also argues at length that controlling precedent makes clear that the claimant "carries the burden in spelling out for the Court what [CPP] limitations were missing from the RFC," and that Plaintiff did not meet that burden here to show what additional restrictions in his RFC would have accounted for his moderate CPP limitations. [35] 4-6; *(*citing *Jozefyk*, 923 F.3d at 498). The Commissioner suggests that the Court "itself agreed" that Plaintiff failed to meet this burden because it called out Plaintiff's arguments as "vague and underdeveloped" and pointed out that Plaintiff "did not develop the specific issue of his moderate limitation in concentration, persistence or maintaining pace." [*Id*] 5-6. The Commissioner thus argues that "the only result supported by the record was that plaintiff did not meet her [sic] burden and could not (and did not even attempt to) show [CPP] related limitations that were unfairly omitted from the RFC." [*Id*] 6.

However, the fatal flaw with the Commissioner's argument is immediately apparent by the Commissioner's explicit acknowledgment that the Commissioner "argued so in her opening brief, pressing that plaintiff had the burden of specifically identifying what limitations were missing from the RFC." [*Id.*] 5-6 (citing [23] 8). As noted above, a Rule 59(e) motion is not a proper "vehicle for recycling arguments that the Court has previously rejected." *Keiber*, 2010 WL 3001958, at *1. Thus the Commissioner's contention that Seventh Circuit caselaw requires Plaintiff to identify

additional CPP limitations, but failed to do so, is not a new one and is thus generally improper for a Rule 59(e) motion.

To the extent the Court's underlying decision did not explicitly address and reject the Commissioner's specific argument that the Plaintiff failed to put forth additional CPP limitations, that argument is not a basis for altering the Court's judgment. First, as another court in this District observed, it is not clear how *Jozefyk*, the case primarily relied upon by the Commissioner, and its progeny apply when "the ALJ's failure to explain his RFC assessment makes it difficult to discern which of [the claimant's] CPP impairments the RFC already reflects." *Darlene M. v. Kijakazi*, No. 19 CV 6389, 2021 WL 3773291, at *6 (N.D. Ill. Aug. 25, 2021). In other words, even if *Jozefyk* and the cases cited by the Commissioner require a Plaintiff to identify additional CPP limitations in the RFC that are missing, it is not clear how that applies in situations like the one here where the ALJ's opinion is "so devoid of explanation and reasoning" that the Court cannot determine how the ALJ reached his RFC determination, let alone trace the logical bridge of how that determination accommodates Plaintiff's mental functional limitations. As the Court noted in its opinion, not only was it utterly unclear how the RFC accounted for Plaintiff's CPP limitations, it also was not explained how the RFC accommodated Plaintiff's moderate limitations in "adapting or managing oneself," or "understanding, remembering, or applying information." *See Benjamin G.*, 2022 WL 2208865, at *3 n.8. It is thus not as simple as saying the Plaintiff should have put forward additional specific limitations, because it is impossible to determine on the face of the ALJ's

13

opinion what mental functional limitations are and are not being addressed by the RFC as it stands, if at all, and why the RFC addresses them. All the Court has is the ALJ's general statement that the RFC is supported by Plaintiff's mental examination and testimony. But as noted above, that conclusory sentence does not allow the Court to trace the path of the ALJ's reasoning and understand how the RFC accommodates Plaintiff's mental limitations as is required for meaningful appellate review.

Second, while the Court did state Plaintiff's briefing was "vague and conclusory," contrary to the Commissioner's suggestion the Court did not "agree" that Plaintiff failed to meet his burden to put forward any additional limitations. Rather, the Court noted that Plaintiff argued that "substantial evidence in the record supports a finding that Plaintiff's non-exertional limitations arising from his mental impairments and chronic pain would generally prevent him from meeting the requirements of full-time unskilled work." *Benjamin G.*, 2022 WL 2208865, at *3 n.5. In other words, as Plaintiff notes in his response to the Commissioner's motion, Plaintiff did not argue that there were additional specific limitations in the area of CPP that needed to be included, because it was Plaintiff's contention that proper consideration of the evidence related to *all* of his non-exertional limitations, including his limitations in the other paragraph B mental functional areas and his chronic pain, would have led to an RFC that he was unable to sustain the on-task and attendance requirements of full-time work completely, no matter how simple the tasks. [37] 1-2.

The Court did not reach Plaintiff's broader argument that he would be unable to maintain full-time work, because it found a reversable error in the ALJ's failure to

14

build a logical bridge from the evidence to his RFC determination and demonstrate that the RFC accounted for Plaintiff's non-exertional limitations, including specifically his CPP limitations. But the Plaintiff's argument, while not specific to CPP limitations, does suggest that there are additional limitations in his RFC which he generally maintains should have been included, *i.e.*, limitations related to his ability to stay on task and meet the attendance requirements of full-time work. In fact, as the Court noted in its opinion, it seems the ALJ too was aware of these potential additional limitations, because the ALJ asked the vocational expert (VE) at the hearing if Plaintiff would be able to maintain light work if he was "unable to maintain concentration and attention over 15 percent of the time," to which the VE responded Plaintiff would not be able to work. *Benjamin G.*, 2022 WL 2208865, at *5.

The ALJ's opinion contained no discussion of this additional hypothetical, the basis for it, or why such off-task time was not included in the RFC. As the Court noted, the fact that the ALJ found Plaintiff had a moderate CPP limitation and asked the VE a hypothetical that included additional limitations based on the ability to maintain concentration and attention, but then ignored that hypothetical and limited Plaintiff to simple work with no off-task time limitation without any explanation, further emphasized the ALJ's failure to account for Plaintiff's non-exertional limitations. *Benjamin G.*, 2022 WL 2208865, at *5. In sum, the ALJ's hypothetical question to the VE, and the Plaintiff's argument to this Court that he would be unable to maintain the on-task and attendance requirements of full-time work, belie the

15

Commissioner's suggestion that the Plaintiff failed to put forward additional limitations as is required by the caselaw.

Thus, while the Court acknowledges it could have addressed this issue more expressly in its original opinion, it does not provide a basis for altering the Court's judgment. In short, the Commissioner has failed to meet its burden to demonstrate the Court committed a manifest error of law or fact.

### C. The Commissioner's Remaining Arguments are Without Merit.

The Commissioner lodges a number of other arguments that the Court may dispense with as they are either not proper for a Rule 59(e) motion or without merit.

The Commissioner claims that in remanding the matter, the Court held that "the ALJ did not rely on the opinion of a medical expert who 'translated' his or her findings regarding concentration, persistence, or pace into an RFC." [35] 10; *Benjamin G.*, 2022 WL 2208865, at *6. The Commissioner suggests this finding was an error, however, because, "evidence supporting a lack of mental restrictions was significant and overwhelming," and points to the opinions of two state psychological consultants who found only mild deficits in CPP, and the opinion of the psychological examiner Dr. Heinrichs who found normal understanding and sustained concentration. [35] 10 (citing [9-1] 53, 65-66, 685).

But the Commissioner's argument here misconstrues the Court's opinion. In finding that the ALJ did not rely on the opinion of a medical expert, the Court was not offering an opinion on whether the medical opinion testimony otherwise supported the ALJ's RFC one way or another, but was noting that the ALJ's deficient

16

RFC could not be saved by reference to opinions the ALJ did not himself rely on. *See Benjamin G.*, 2022 WL 2208865, at *6. As the Court explained, the Seventh Circuit has held that an ALJ may "reasonably rely upon the opinion of a medical expert who translates [CPP] findings into an RFC determination." *Id*. But that was not the case here, because the ALJ afforded only "little weight" to the opinions of the state agency consultants and Dr. Heinrichs, finding that their opinions were "inconsistent with subsequent evidence showing a worsening of [Plaintiff's] psychological issues." *Id*. (citing [9-1] 83-84). Thus, "far from relying on the opinions of medical experts, the ALJ appear[ed] to have largely, if not entirely, discounted, those opinions." *Id*. The Court therefore rejected the Commissioner's attempt to point to the medical opinion evidence as saving the ALJ's deficient RFC as an improper post-hoc rationalization, because the ALJ himself only afforded the opinions little weight, and in any event did not explain how or why they supported the RFC. *Id*. The Commissioner's argument here thus amounts to merely another attempt to advance its same argument that the RFC was supported by substantial evidence, which the Court already considered and rejected.

The Commissioner also suggests the Court's decision was flawed because "there can be no error" when an ALJ adopts "greater limitations" than what is supported by the evidence, which the Commissioner contends was the case here because the ALJ found a moderate CPP limitation and provided for mental restrictions in the RFC despite the fact that the medical opinions of record did not include such CPP limitations. [35] 10-11. But the fact that the ALJ found moderate

17

CPP limitations when some of the medical opinions did not, does not equate to saying the ALJ found "greater" limitations than is supported by the evidence. Rather, the ALJ found that the evidence as a whole, including Plaintiff's testimony and subsequent record, indicated worsening psychological symptoms which supported a moderate CPP finding. [9-1] 79, 83-84. In other words, the ALJ found that the evidence supported a moderate CPP finding, and the Commissioner's contention that that finding was "greater" than was supported by the evidence does not demonstrate that *this* Court committed a manifest error of law or fact. Instead it is simply a disagreement with the Court's determination about what is supported by the record, which is not proper for a motion to alter judgment Nor does the ALJ's finding excuse his complete failure to explain how the RFC accommodated the limitation once it was found.

The Commissioner also briefly argues that any error committed by the ALJ was harmless and there "is no utility in remand," because the record does not support greater limitations than those that were afforded in the RFC. [35] 11-12. This is simply another rehashing of the Commissioner's argument that the record otherwise supports the RFC, which again is not a proper basis for a Rule 59(e) motion as it is an argument the Commissioner raised and the Court rejected. Further, the Court notes that an error is only "harmless" if the Court can "predict with great confidence" that the ALJ will reach the same result." *Butler v. Kijakazi*, 4 F.4th 498, 504 (7th Cir. 2021) (internal quotation marks omitted). Here, the Court cannot predict with great confidence whether the ALJ's RFC will change proper and explicit consideration of

18

Plaintiff's non-exertional limitations, including his moderate CPP limitations. Indeed, it is at least possible that on review the ALJ may determine that some level of off-task and absence time is appropriate. Thus the Court cannot say the error is harmless.

Finally, the Commissioner complains that the Court's discussion of the ALJ's hypothetical to the vocational expert regarding off-task time, and observation that the ALJ failed to raise that hypothetical in the opinion, was an error because "[t]he Seventh Circuit has recently and repeatedly affirmed that an ALJ is under no obligation to discuss or credit limitations in a hypothetical that were ultimately not supported by the record." [ 35] 12-13 (citing *Kuykendoll v. Saul*, 801 F.App'x 433, 439 (7th Cir. 2020); *Vang v. Saul*, 805 F.App'x 398, 402 (7th Cir. 2020); *Gribben v. Kijakazi*, 2022 WL 59404, at *2 (7th Cir. 2022)). But the Court did not hold that the ALJ should have "credited" the limitations in the hypothetical. Nor did the Court hold that the ALJ's failure to discuss the hypothetical was an independent error warranting remand. Instead, the Court merely noted that the ALJ determined that Plaintiff had a moderate CPP limitation and asked the vocational expert a hypothetical that seemed to account for CPP limitations in the form of off-task time, but then did not include any discussion or analysis of off-task time when formulating the RFC. *See Benjamin G.*, 2022 WL 2208865, at *5. In other words, the hypothetical demonstrated to the Court that the ALJ was considering at least the potential of off-task time in Plaintiff's RFC because of his CPP limitations, and the fact that the ALJ included no discussion whatsoever of off-task time simply highlighted how the ALJ's

19

had failed to explain the basis of the RFC and how it untimely accommodate Plaintiff's CPP limitations.

The Court does not read the cases cited by the Commissioner as excusing the ALJ from his obligation to build a logical bridge from the evidence to the conclusion. It may ultimately be that no limitation for off-task time is supported by the record, in which case it would not have been an error for the ALJ to disregard the vocational expert's response to a hypothetical about the effects of such off-task time, or to decline to include such a limitation in the RFC. But Plaintiff maintains that his non-exertional limitations from his mental impairments and chronic pain would preclude him from meeting the on-task requirements of full-time work, and the ALJ found Plaintiff had moderate limitations in several mental functional areas because of those mental impairments and chronic pain. The ALJ thus should have at the very least explained why, despite those impairments and limitations, no off-task time was ultimately required in the RFC. The Commissioner's argument is thus not a basis for altering the Court's judgement.

## Conclusion

For the foregoing reasons, the Commissioner's Rule 59(e) motion to alter or amend judgment [35] is denied.

_____
**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: October 7, 2022**